UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDWARD DYSON

VERSUS

ADVANCED BIONICS, L.L.C., ET AL

CIVIL ACTION

NUMBER 11-672-JJB-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, November 21, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDWARD DYSON

VERSUS

ADVANCED BIONICS, L.L.C., ET AL

CIVIL ACTION

NUMBER 11-672-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiff Edward Dyson. Record document number 11. The motion is opposed.[1]

For the reasons which follow, the motion should be granted insofar as the plaintiff sought a remand of this case to the state court.

**Background**

Plaintiff "fax filed" a Petition for Damages in state court on August 23, 2011 alleging that on August 24 and 25, 2010 the Precision Plus Spinal Cord Stimulator System manufactured by defendants Boston Scientific Corporation ("BSC") and Advanced Bionics, L.L.C. ("AB"), and used on him under the direction of Dr. Sandra Weitz of defendant Comprehensive Pain Management ("CPM") at the office of defendant Advanced Surgical Concepts ("ASC"), malfunctioned. Plaintiff alleged that as a result of the use of the stimulator on August 25, he "underwent a strong and continuous electrical 'shock' that he felt from his head to his feed that caused him to loose (sic) consciousness, control of his body and

---

[1] Record document number 14.

fall against the wall to the floor."[2] The fall, plaintiff alleged, caused him "to hit his head against the wall and floor."[3] Plaintiff alleged that the stimulator was a defective product under Louisiana law and the other defendants were negligent.[4] Plaintiff alleged that he "sustained severe and disabling injuries including but not limited to, injury to his head."[5] Plaintiff sought recovery for past and future pain and mental anguish, as well for past and future medical expenses. Plaintiff did not seek a jury trial.

Defendant BSC removed the case to this court on September 29, 2011, asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. Defendant alleged that it is a Delaware citizen, defendant AB is a California citizen, and the plaintiff is a Louisiana citizen. Defendant alleged that the Louisiana citizenship of defendants CPM and ASC should be ignored because they were improperly joined since at the time of removal the plaintiff had no possibility of recovery against them. This is so, defendant BSC argued, because the plaintiff has not completed the

---

[2] Record document number 1-2, ¶ 7.

[3] *Id.*

[4] Plaintiff's petition merely recites the elements of the state product liability statute; it does not allege any factual basis for the claim. Nor does the petition allege any factual basis for his negligence claims. Record document number 1-2, attached Petition for Damages, ¶ 8.

[5] *Id.* ¶ 9.

2

medical malpractice review process mandated by Louisiana law.

Defendant BSC also asserted that it is facially apparent from the plaintiff's allegations of injury and damages that the amount in controversy required under § 1332 is present. Defendant noted that the plaintiff did not include in his state court petition, as provided by Louisiana Code of Civil Procedure article 893(A)(1), an allegation that the amount of his claim is not sufficient to support federal court jurisdiction.

Plaintiff moved to remand, arguing that there is no diversity of citizenship and the amount in controversy required under § 1332 is not present.

Plaintiff's motion does not address the citizenship issue in any cogent or meaningful way. Without citing any controlling or persuasive authority plaintiff merely agues that whether his claims against defendants CPM and ASC are premature should be decided by the state court.[6] As to the amount in controversy, the plaintiff simply disagreed with the defendant's assessment of his damages, adding that the petition is ambiguous as to whether his damages will exceed $75,000 and noting that he did not ask for a jury trial. Plaintiff also sought an award of attorney's fees and costs incurred in connection with the motion.

---

[6] Both defendant ASC and CPM filed exceptions of prematurity in state court before the case was removed. Record document number 1-2, p. 33 and 39, respectively. Contrary to the plaintiff's assertion, these were not post-removal events.

3

## Applicable Law

The party seeking removal based on improper joinder of an in-state party bears a heavy burden of proving that the joinder was improper. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The statutory basis for the doctrine of improper joinder is found in 28 U.S.C. §§ 1441 and 1359. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825 (2005). Since the purpose of the inquiry is to determine whether the in-state defendant was properly joined, the focus must be on the joinder, not the merits of the plaintiff's case. *Id*.

There are two recognized ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.*, *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). In the latter situation the test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant. Stated another way, there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Smallwood*, 385 F.3d at 573; *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). The court may decide the question of whether the plaintiff has a reasonable basis of recovery under state law either by

employing a Rule 12(b)(6), Fed.R.Civ.P., analysis, or by piercing the pleadings and conducting a summary judgment inquiry. *Id*. In resolving questions of improper joinder, all disputed questions of fact and ambiguities in the controlling state law are resolved in favor of the non-removing party. *Carriere v. Sears, Roebuck and Co.* 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60 (1990).

Defendant argued that the plaintiff has only stated a medical malpractice claim against defendants CPM and ASC. The Louisiana Medical Malpractice Act (LMMA), LSA-R.S. § 40:1299.41(A)(1), governs such claims and defines malpractice as follows:

> "Malpractice" means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider arising from acts or omissions during the procurement of blood or blood components, in the training or supervision of health care providers, or from defects in blood, tissue, transplants, drugs, and medicines, or from defects in or failures of prosthetic devices implanted in or used on or in the person of a patient.

LSA-R.S. 40:1299.41(A)(13).

Health care is defined by the LMMA as follows;

> "Health care" means any act or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement, or during or relating to or in connection with the procurement of human blood or blood components.

LSA-R.S. 40:1299.41(A)(9).

The LMMA specifically requires a plaintiff to present a medical malpractice claim against a qualified physician or hospital to a medical review panel before commencing a civil action:

> No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section.

LSA-R.S. 40:1299.47(B)(1)(a)(i).[7]

There is no Fifth Circuit Court of Appeals case providing a definitive answer to the question of whether the presence of an in-state medical defendant who is pending review by a LMMA medical review panel can destroy diversity jurisdiction. While some district court cases within the Fifth Circuit have held that a premature claim against a medical defendant is not a basis for finding improper joinder, *Danos v. Bristol-Myers Squibb Co.*, 2003 WL 21056815 (E.D.La. May 8, 2003); *Ochoa v. Bristol-Myers Squib Co.,* 2003 WL 446821 (E.D.La. Feb. 19, 2003; *Doe v. Cutter Biological*, 774 F.Supp. 1001 (E.D.La. 1991), cases decided more recently in this district and both the Eastern and Western Districts of Louisiana addressing this issue have found the

---

[7] There are circumstances in which a medical review panel is not required or may be dissolved, or the parties may agree to waive the use of a medical review panel. There is no suggestion that any of these circumstances exist in this case, nor is there any suggestion that the parties waived the use of a medical review panel.

6

opposite. *Esposito v. Ethicon*, CV 11-207-JJB-SCR (M.D.La. 2011) record document number 8 (Magistrate Judge's Report) and record document number 16 (Ruling denying motion to remand); *Ellis v. Ethicon*, CV 09-949-JJB-SCR (M.D.La. 2009) record document numbers 15 (Magistrate Judge's Report) and 18 (Ruling denying motion to remand); *Jones v. Centocor, Inc.*, 2007 WL 4119054 (E.D.La. Nov. 15, 2007); *Senia v. Pfizer, Inc.*, 2006 WL 1560747 (E.D.La. May 23, 2006); *Bourne v. Eli Lilly & Co.*, 2005 WL 2998914, at *2-3 (W.D.La. Nov. 8, 2005)(rejecting the reasoning of the line of cases from the Eastern District of Louisiana, and stating that "the possibility that a later joinder might defeat diversity and necessitate remand is not grounds to remand at present"); *Donaldson v. Spinal Concepts, Inc.*, 2003 WL 21913704 (E.D.La. Aug. 6, 2003).

The cases which hold that a premature medical malpractice claim against a non-diverse, in-state defendant does not deprive the court of diversity jurisdiction are persuasive because they correctly apply the plain language of the LMMA, specifically LSA-R.S. 40:1299.47(B)(1)(a)(i). Whether a plaintiff who is currently proceeding before medical review panel pursuant to the LMMA may later allege and prove a medical malpractice claim in a state or federal court case is not relevant to the determination of diversity jurisdiction at the time of removal. Rather, what is critical is whether, at the time of removal, the plaintiff can commence an action against the health care provider under state

7

law.

It is well settled that when faced with a motion to remand the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *rehg. denied*, 70 F.3d 26 (5th Cir. 1995).

Because plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages, the Fifth Circuit has established a framework for resolving disputes over the amount in controversy for actions removed based on diversity jurisdiction from Louisiana courts. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). In such cases the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or (2) by setting forth facts--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount. *Id.; Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945, 123 S.Ct. 1634 (2003).

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds

$75,000.00, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.*; *Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994).

Under Louisiana law, a plaintiff is entitled to a jury trial only when the claims exceed $50,000 exclusive of costs and interest. LSA-C.C.P. art. 1732(A)(1).

Louisiana Code of Civil Procedure article 893(A)(1) provides that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish...the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required."

There is no automatic entitlement to an award of attorney fees under 28 U.S. C. § 1447(c). The clear language of the statute, which provides that the "order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal," makes such an award discretionary. The Supreme Court set forth the standard for awarding fees under § 1447(c) in *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 126 S.Ct. 704 (2005):

9

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See*, *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.*, at 711.

The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993); *Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir.), *cert. denied*, 522 U.S. 977, 118 S.Ct. 435 (1997).

## **Analysis**

Defendant BSC has shown that defendants ASC anc CPM were improperly joined.

Plaintiff's claims against ASC and CPM are clearly within the definitions of health care and malpractice under the plain language of the LMMA, specifically LSA-R.S. 40:1299.41(A)(9) and (13).

10

To determine whether diversity jurisdiction is present for removal, the claims in the state court petition are considered as they existed at the time of removal.[8] Plaintiff does not dispute that CPM and ASC are qualified health care providers. Moreover, the defendant has shown that at the time of removal he had even submitted his claims against them to a medical malpractice review panel.[9] Plaintiff has not shown that the medical review panel has completed its review of his claims.

Therefore, pursuant LSA-R.S. 40:1299.47(B)(1)(a)(i), the plaintiff could not legally commence an action in any court against defendants ASC and CPM. The cases cited above which hold that an in-state defendant facing a premature medical malpractice claims is improperly joined are persuasive. Because the medical review panel proceeding has not been completed, no claim against defendants ASC and CPM can be brought against them in any court. The LMMA does not provide for filing a medical malpractice claim and then staying it while the plaintiff proceeds before the medical malpractice review panel. Cases which followed this course of action effectively added a provision to the LMMA which the legislature did not include.

---

[8] *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), *citing*, *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

[9] Record document number 14-1, Exhibit A, Petition to Empanel Medical Review Panel.

11

Consequently, the plaintiff has no possibility of recovery against the hospital defendants based on the facts as they stood at the time of removal. In the language of *Smallwood*, there is no reasonable basis for this court to predict that the plaintiff might be able to recover against defendants ASC and CPM at this time. Whether they might be able to allege and prove a medical malpractice claim against them later is simply not relevant now. Therefore, defendants ASC and CPM were improperly joined and their citizenship should not be considered in making the diversity jurisdiction determination.

As to the amount in controversy, the determination is not so clear-cut. Ultimately, it is not facially apparent from the Petition for Damages that the amount required under § 1332 is present. The electrical shocks the plaintiff suffered were apparently transitory, and whether his alleged injuries were caused by electrical shock or by hitting his head on the wall and floor is ambiguous at best. The Petition for Damages does not describe any ongoing medical treatment the plaintiff is receiving, nor does the Notice of Removal. Defendant did not submit and affidavit, medical information or medical treatment records in support of its opposition to the Motion to Remand.

Defendant cited *Gebbia v. Wal-Mart* and other cases to support it argument that the amount in controversy is present. In *Gebbia* the plaintiff described her injuries as follows: "she sustained

injuries to her right wrist, left knee and patella, and upper and lower back."[10] In this case, however, the plaintiff allegedly suffered what appears to be transitory electrical shocks on two occasions and he stuck his head when he fell. He did not allege he required immediate medical treatment or that he sought medical treatment soon thereafter. Although the plaintiff did not include in his Petition for Damages a statement that his claims are not sufficient to support federal court jurisdiction, this factor is offset by the fact that did he did not seek a jury trial. Plaintiff's injury and damages allegations are too vague to find by a preponderance of the evidence that more than $75,000 is in controversy, and the defendant has offered no other facts to support finding that it is.

Defendant BCS has shown by a preponderance of the evidence that defendants ASC and CPM were improperly joined and therefore their citizenship must be ignored when determining whether diversity jurisdiction exists. Consequently, there is diversity of citizenship between the parties properly joined. However, defendant BCS has not shown by a preponderance of the evidence that the required amount in controversy is present. Therefore, the plaintiff's Motion to Remand should be granted.

An award of attorney's fees and costs to the plaintiff is not

---

[10] *Id.* at 881, 883. Plaintiff relied on other cases also. These have been considered.

warranted. It was objectively reasonable to remove this case. Clearly, defendants ASC and CPM were improperly joined. Although the court disagrees with the defendant BCS's assessment of the amount in controversy, its assessment was not unreasonable in light of the ambiguous allegations in the plaintiff's Petition for Damages.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiff Edward Dyson be granted insofar as the plaintiff sought a remand of the case to the state court. Insofar as the plaintiff sought an award of attorney's fees and expenses, it is further recommended the motion be denied.

Baton Rouge, Louisiana, November 21, 2011.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE